UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

H. LUNDBECK A/S, TAKEDA
PHARMACEUTICAL COMPANY LTD.,
TAKEDA PHARMACEUTICALS U.S.A.,
INC., TAKEDA PHARMACEUTICALS
INTERNATIONAL AG, and TAKEDA
PHARMACEUTICALS AMERICA, INC.,

Plaintiffs,

v.

SIGMAPHARM LABORATORIES, LLC,

Defendant.

CIVIL ACTION NO.
_____

## COMPLAINT FOR PATENT INFRINGEMENT

H. Lundbeck A/S ("Lundbeck"), Takeda Pharmaceutical Company Ltd. ("Takeda Japan"), Takeda Pharmaceuticals U.S.A., Inc. ("Takeda USA"), Takeda Pharmaceuticals International AG ("Takeda International"), and Takeda Pharmaceuticals America, Inc. ("Takeda America") (collectively, "Lundbeck and Takeda" or "Plaintiffs"), by their undersigned attorneys, bring this action against Defendant Sigmapharm Laboratories, LLC ("Sigmapharm" or "Defendant"), and hereby allege as follows:

## NATURE OF THE ACTION

1.    This action for patent infringement, brought pursuant to the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, arises from Defendant's recent submission to the United States Food and Drug Administration ("FDA") of Abbreviated New Drug Application ("ANDA") No. 211084 ("Sigmapharm's ANDA"). Through its ANDA, Sigmapharm seeks

–1–

ME1 27154828v.1

approval to market generic versions of Plaintiffs' pharmaceutical product TRINTELLIX®, prior to the expiration of United States Patent No. 7,144,884 ("the '884 Patent"); United States Patent No. 8,476,279 ("the '279 Patent"); United States Patent No. 8,722,684 ("the '684 Patent"); United States Patent No. 8,969,355 ("the '355 Patent"); United States Patent No. 9,227,946 ("the '946 Patent"); and United States Patent No. 9,861,630 ("the '630 Patent").

## THE PARTIES

2.     Plaintiff H. Lundbeck A/S ("Lundbeck") is a corporation organized and existing under the laws of Denmark, with a place of business at Ottiliavej 9, DK-2500 Valby, Denmark. Lundbeck is the assignee and owner of the '884, '279, '684, '355, '946, and '630 Patents.

3.     Plaintiff Takeda Pharmaceutical Company Ltd. is a corporation organized and existing under the laws of Japan, with a place of business at 1-1, Doshomachi 4-chome, Chuo-ku, Osaka 540-8645, Japan.  Lundbeck has granted Takeda Japan an exclusive license to the '884, '279, '684, '355, '946, and '630 Patents in connection with the use, importation, distribution, marketing, promotion, and sale of TRINTELLIX® in the United States.

4.     Plaintiff Takeda Pharmaceuticals International AG is a corporation organized and existing under the laws of Switzerland, with a place of business at Thurgauerstrasse 130, 8152 Glattpark-Opfikon, Zurich, Switzerland. Takeda International is an indirect wholly owned subsidiary of Takeda Japan.  Takeda International has an exclusive sublicense to the '884, '279, '684, '355, '946, and '630 Patents from Takeda Japan in connection with the commercialization of TRINTELLIX® in the United States.

5.     Plaintiff Takeda Pharmaceuticals U.S.A., Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at One Takeda Parkway, Deerfield, IL 60015.  Takeda International and Takeda Japan own Takeda

–2–

USA. Takeda USA holds the New Drug Application ("NDA") No. 204447 for TRINTELLIX® and has an exclusive sublicense to the '884, '279, '684, '355, '946, and '630 Patents from Takeda International, which grants it the right to import, distribute, and sell TRINTELLIX® in the United States on behalf of Takeda.

6. Plaintiff Takeda Pharmaceuticals America, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at One Takeda Parkway, Deerfield, IL 60015. Takeda America is a wholly owned subsidiary of Takeda USA. Takeda America distributes and markets TRINTELLIX® in the United States on behalf of Takeda USA.

7. Lundbeck and Takeda are engaged in the business of creating, researching, developing, and bringing to market revolutionary pharmaceutical products to help treat serious diseases, including major depressive disorder.

8. On information and belief, Defendant Sigmapharm is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 3375 Progress Drive, Bensalem, Pennsylvania 19020.

9. On information and belief, Sigmapharm caused ANDA No. 211084 to be submitted to FDA and seeks FDA approval of ANDA No. 211084.

10. On information and belief, Sigmapharm intends to commercially manufacture, market, offer for sale, and sell the vortioxetine hydrobromide tablets described in Sigmapharm's ANDA ("the ANDA Products") throughout the United States, including in the Commonwealth of Pennsylvania, in the event FDA approves Sigmapharm's ANDA.

## JURISDICTION AND VENUE

11. This civil action for patent infringement arises under the patent laws of the United States, including 35 U.S.C. § 271, and alleges infringement of the '884, '279, '684, '355, '946, and '630 Patents.

12. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

13. This Court has personal jurisdiction over Sigmapharm because, on information and belief, Sigmapharm, *inter alia*, has continuous and systematic contacts with the Commonwealth of Pennsylvania, regularly conducts business in the Commonwealth of Pennsylvania, either directly or through one or more wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in the Commonwealth of Pennsylvania, and intends to sell the ANDA Products in the Commonwealth of Pennsylvania upon approval of ANDA No. 211084.

14. Sigmapharm is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania. On information and belief, Sigmapharm is registered to do business as a domestic corporation in Pennsylvania (Entity Number 3286967).

15. Sigmapharm maintains a place of business within this judicial district.

16. On information and belief, Sigmapharm is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter-egos, which Sigmapharm manufactures, distributes, markets, and/or sells throughout the United States and in this judicial district.

–4–

17.    On information and belief, Sigmapharm sells generic and proprietary pharmaceutical products in the Commonwealth of Pennsylvania, either directly or through one or more of its agents, alter egos, and/or wholly owned subsidiaries.

18.    Defendant has committed, or aided, abetted, contributed to, and/or participated in the commission of, acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, which manufacture TRINTELLIX® for sale and use throughout the United States, including this judicial district.  On information and belief, and as indicated by a letter dated March 20, 2018 sent by Sigmapharm to Lundbeck and Takeda USA pursuant to 21 U.S.C. § 355(j)(2)(B) ("Notice Letter"), ANDA No. 211084 was prepared and filed with the intention of seeking to market the ANDA Products nationwide, including within this judicial district.

19.    On information and belief, Sigmapharm plans to sell the ANDA Products in the Commonwealth of Pennsylvania, list the ANDA Products on the Commonwealth of Pennsylvania's prescription drug formulary, and seek Medicaid reimbursements for sales of the ANDA Products in the Commonwealth of Pennsylvania, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

20.    On information and belief, Sigmapharm knows and intends that its proposed ANDA Products will be distributed and sold in Pennsylvania and will thereby displace sales of TRINTELLIX®, causing injury to Lundbeck and Takeda.  Sigmapharm intends to take advantage of its established channels of distribution in Pennsylvania for the sale of its proposed ANDA Products.

21.    Venue is proper in this district for Sigmapharm pursuant to 28 U.S.C. §§ 1391 and 1400(b).

MEI 27154828v.1

## PLAINTIFFS' APPROVED TRINTELLIX® DRUG PRODUCT AND PATENTS

22.    Takeda USA is the holder of New Drug Application ("NDA") No. 204447 for TRINTELLIX® tablets (5 mg, 10 mg, 15 mg, and 20 mg dosage strengths).[1]    The active ingredient in TRINTELLIX® is vortioxetine hydrobromide.  FDA approved NDA No. 204447 on September 30, 2013.

23.    TRINTELLIX® is an oral antidepressant indicated for the treatment of Major Depressive Disorder (MDD).  It is an inhibitor of serotonin (5-HT) reuptake, an agonist at 5-HT1A receptors, a partial agonist at 5-HT1B receptors, and an antagonist at 5-HT3, 5-HT1D and 5-HT7 receptors.  It is considered to be the first and only drug with this combination of pharmacodynamic activity.  It represents a major advancement in the treatment of depression.

24.    The '884, '279, '684, '355, '946, and '630 Patents are listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* (an FDA publication commonly known as the "Orange Book") for TRINTELLIX®.

25.    The '884 Patent, entitled "Phenyl-piperazine Derivatives as Serotonin Reuptake Inhibitors," was duly and lawfully issued by the USPTO on December 5, 2006.  A true and correct copy of the '884 Patent is attached hereto as Exhibit A.

26.    The '279 Patent, entitled "Phenyl-piperazine Derivatives as Serotonin Reuptake Inhibitors," was duly and lawfully issued by the USPTO on July 2, 2013.  A true and correct copy of the '279 Patent is attached hereto as Exhibit B.

27.    The '684 Patent, entitled "1-[2-(2,4-dimethylphenylsulfanyl)-phenyl] piperazine as a Compound with Combined Serotonin Reuptake, 5-HT3 and 5-HT1A Activity for the

---

[1] Plaintiffs do not sell 15 mg TRINTELLIX® tablets in the United States.

ME1 27154828v.1

Treatment of Cognitive Impairment," was duly and lawfully issued by the USPTO on May 13, 2014. A true and correct copy of the '684 Patent is attached hereto as Exhibit C.

28.    The '355 Patent, entitled "1-[2-(2,4-dimethylphenylsulfanyl)-phenyl] piperazine as a Compound with Combined Serotonin Reuptake, 5-HT3 and 5-HT1A Activity for the Treatment of Cognitive Impairment," was duly and lawfully issued by the USPTO on March 3, 2015. A true and correct copy of the '355 Patent is attached hereto as Exhibit D.

29.    The '946 Patent, entitled "1-[2-(2,4-dimethylphenylsulfanyl)-phenyl] piperazine as a Compound with Combined Serotonin Reuptake, 5-HT3 and 5-HT1A Activity for the Treatment of Cognitive Impairment," was duly and lawfully issued by the USPTO on January 5, 2016. A true and correct copy of the '946 Patent is attached hereto as Exhibit E.

30.    The '630 Patent, entitled "1-[2-(2,4-dimethylphenylsulfanyl)-phenyl] piperazine as a Compound with Combined Serotonin Reuptake, 5-HT3 and 5-HT1A Activity for the Treatment of Cognitive Impairment," was duly and lawfully issued by the USPTO on January 9, 2018. A true and correct copy of the '630 Patent is attached hereto as Exhibit F.

## SIGMAPHARM'S ANDA NO. 211084

31.    On information and belief, Sigmapharm has submitted ANDA No. 211084 to FDA, or caused ANDA No. 211084 to be submitted to FDA, under 21 U.S.C. § 355(j), in order to obtain approval to engage in the commercial manufacture, use, or sale of vortioxetine hydrobromide tablets as purported generic versions of TRINTELLIX® tablets prior to the expiration of the '884, '279, '684, '355, '946, and '630 Patents.

32.    On information and belief, FDA has not approved Sigmapharm's ANDA.

33.    On information and belief, Sigmapharm sent Lundbeck and Takeda USA a Notice Letter dated March 20, 2018. The Notice Letter represented that Sigmapharm Laboratories, LLC had submitted to FDA ANDA No. 211084 with purported Paragraph IV certifications for the

–7–

'884, '279, '684, '355, '946, and '630 Patents.  Plaintiffs reserve all rights to challenge the sufficiency of Sigmapharm's ANDA and Notice Letter.

34.    On information and belief, Sigmapharm's purpose in submitting ANDA No. 211084 with Paragraph IV certifications is to market the products described therein before the expiration of the '884, '279, '684, '355, '946, and '630 Patents.

35.    In Sigmapharm's Notice Letter, Sigmapharm purported to offer confidential access to portions of its ANDA No. 211084 on terms and conditions set forth in the Notice Letter ("the Sigmapharm Offer").  Sigmapharm requested that Lundbeck and Takeda accept the Sigmapharm Offer before receiving access to ANDA No. 211084. The Sigmapharm Offer contained unreasonable restrictions on who could view the ANDA, well beyond those that would apply under a protective order.  For example, the Sigmapharm Offer did not permit any of Plaintiffs' in-house attorneys or outside scientific consultants to access ANDA No. 211084. Additionally, the Sigmapharm Offer contained provisions that unreasonably restricted the ability of counsel receiving access to ANDA No. 211084 to engage in patent prosecution or work relating to the FDA.  The restrictions Sigmapharm placed on access to ANDA No. 211084 contravene 21 U.S.C. § 355(j)(5)(C)(i)(III), which states that an offer of confidential access "shall contain such restrictions as to persons entitled to access, and on the use and disposition of any information accessed, *as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information*" (emphasis added).

36.    Beginning with correspondence on March 28, 2018, outside counsel for Plaintiffs negotiated in good faith with Sigmapharm's counsel in an attempt to reach agreement on reasonable terms for confidential access to ANDA No. 211084.  However, Sigmapharm continued to impose unreasonable restrictions on access to the ANDA, including insisting on an

–8–

overly broad, unreasonably restrictive, and unclear provision restricting the ability of counsel receiving access to ANDA No. 211084 to engage in patent prosecution or work relating to the FDA. Although Sigmapharm purported to offer to permit access to a limited number of in-house attorneys from Lundbeck and Takeda USA and a limited number of outside experts, it refused to approve any of the individual attorneys or experts identified. Thus, Sigmapharm's offer of access to a limited number of in-house attorneys and outside experts was in fact illusory. Ultimately, Sigmapharm refused to execute a confidentiality agreement to permit Plaintiffs access to its ANDA on terms consistent with those that "would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information." 21 U.S.C. § 355(j)(5)(C)(i)(III).

37.     Moreover, Sigmapharm's counsel indicated that Sigmapharm only planned to disclose 464 pages of the Sigmapharm ANDA to Lundbeck and Takeda USA in the pre-suit assessment period. While 21 U.S.C. § 355 (j)(5)(C)(i)(III) permits an ANDA applicant to redact its ANDA "to remove any information of no relevance to any issue of patent infringement," the statute does not permit an ANDA applicant to make a limited production of cherry-picked portions of the ANDA as Sigmapharm attempted to do here. Sigmapharm did not comply with the requirements of 21 U.S.C. § 355 (j)(5)(C).

38.     According to applicable regulations, Notice Letters such as Defendant's must contain a detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed which includes a claim-by-claim analysis, describing "for each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "for each claim of a patent alleged to be

invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation." *See* 21 CFR § 314.95(c)(7); *see also* 21 CFR § 314.52.

39.     For at least one claim of each of the '884 and '279 Patents, Sigmapharm's Notice Letter failed to allege that its ANDA Products or their administration do not meet the limitations of that claim.    Accordingly, Sigmapharm's Notice Letter did not assert a non-infringement position for at least one claim of each of the '884 and '279 Patents.

40.     Sigmapharm's Notice Letter did not allege that any claim of the '684, '355, '946, or '630 Patents is invalid or unenforceable.

41.     On information and belief, if approved, the ANDA Products will have the same indication as TRINTELLIX®.    On further information and belief, the indication set forth in the proposed labeling submitted in ANDA No. 211084 for the ANDA Products is the treatment of major depressive disorder (MDD).

42.     On information and belief, if FDA approves Sigmapharm's ANDA, Sigmapharm will manufacture, offer for sale, or sell the ANDA Products, within the United States, including within the Commonwealth of Pennsylvania, or will import the ANDA Products into the United States, including the Commonwealth of Pennsylvania.    The manufacture, use, offer for sale, sale, or importation of the ANDA Products will directly infringe the '884, '279, '684, '355, '946, and '630 Patents.

43.     On information and belief, if FDA approves Sigmapharm's ANDA, Sigmapharm will actively induce or contribute to the manufacture, use, offer for sale, or sale of the ANDA Products in a manner that infringes the '884, '279, '684, '355, '946, and '630 Patents.

–10–

ME1 27154828v.1

44.    This action is being brought within forty-five days of Plaintiffs' receipt of the Notice Letter, pursuant to 21 U.S.C. § 355(c)(3)(C). Accordingly, Plaintiffs are entitled to a stay of FDA approval pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) and U.S.C. § 355(j)(5)(F)(ii).

## COUNT I
## INFRINGEMENT OF THE '884 PATENT

45.    Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–44 as if fully set forth herein.

46.    On information and belief, Sigmapharm submitted or caused the submission of ANDA No. 211084 to FDA, and thereby seeks FDA approval of Sigmapharm's ANDA.

47.    Plaintiffs own all rights, title, and interest in and to the '884 Patent.

48.    The ANDA Products fall within one or more claims of the '884 Patent.

49.    Sigmapharm does not contest infringement of at least claims 1–6 and 17 of the '884 Patent in its Notice Letters. If Sigmapharm had a factual or legal basis to contest infringement of claims 1–6 and 17 of the '884 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

50.    Sigmapharm has infringed at least one claim of the '884 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting its ANDA with a Paragraph IV certification and thereby seeking FDA approval of generic versions of TRINTELLIX® prior to the expiration of the '884 Patent.

51.    If approved, the importation, manufacture, sale, offer for sale, or use of the ANDA Products will infringe one or more claims of the '884 Patent under 35 U.S.C. § 271(a).

52.    Unless enjoined by this Court, upon FDA approval, Sigmapharm will actively induce infringement of the '884 Patent under 35 U.S.C. § 271(b). On information and belief, upon FDA approval of Sigmapharm's ANDA, Sigmapharm will make, use, offer to sell, or sell the ANDA Products within the United States, or will import the ANDA Products into the United

–11–

States, and will thereby induce infringement of one or more claims of the '884 Patent. On information and belief, upon FDA approval, Sigmapharm will intentionally encourage acts of direct infringement with knowledge of the '884 Patent and knowledge that its acts are encouraging infringement.

53.    Unless enjoined by this Court, upon FDA approval, Sigmapharm will contributorily infringe the '884 Patent under 35 U.S.C. § 271(c). On information and belief, upon FDA approval of Sigmapharm's ANDA, Sigmapharm will offer to sell or sell the ANDA Products within the United States, or will import the ANDA Products into the United States, and will thereby contribute to the infringement of one or more claims of the '884 Patent. On information and belief, Sigmapharm has had and continues to have knowledge of the '884 Patent and knowledge that its acts will lead to infringement of the patent. On information and belief, Sigmapharm has had and continues to have knowledge that the ANDA Products are especially made or especially adapted for a use that infringes the '884 Patent and that there are no substantial non-infringing uses for the ANDA Products.

54.    Sigmapharm had actual and constructive notice of the '884 Patent prior to filing its ANDA, and was aware that the filing of its ANDA with the request for FDA approval prior to the expiration of the '884 Patent would constitute an act of infringement of the '884 Patent. Sigmapharm has no reasonable basis for asserting that the commercial manufacture, use, offer for sale, or sale of the ANDA Products will not infringe, contribute to the infringement of, and/or induce the infringement of the '884 Patent.

55.    Sigmapharm filed its ANDA without adequate justification for asserting the '884 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Products. Sigmapharm's conduct in certifying invalidity,

ME1 27154828v.1

unenforceability, and/or non-infringement with respect to the '884 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

56.    Plaintiffs will be irreparably harmed if Sigmapharm is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '884 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Sigmapharm, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT II
## INFRINGEMENT OF THE '279 PATENT

57.    Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–56 as if fully set forth herein.

58.    On information and belief, Sigmapharm submitted or caused the submission of ANDA No. 211084 to FDA, and thereby seeks FDA approval of Sigmapharm's ANDA.

59.    Plaintiffs own all rights, title, and interest in and to the '279 Patent.

60.    The ANDA Products fall within one or more claims of the '279 Patent.

61.    On information and belief, the ANDA Products will be indicated for the treatment of major depressive disorder.

62.    Sigmapharm does not contest infringement of at least claims 1 and 12–15 of the '279 Patent in its Notice Letters. If Sigmapharm had a factual or legal basis to contest infringement of claims 1 and 12–15 of the '279 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

–13–

63.     Sigmapharm has infringed at least one claim of the '279 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting its ANDA with a Paragraph IV certification and thereby seeking FDA approval of generic versions of TRINTELLIX® prior to the expiration of the '279 Patent.

64.     If approved, the importation, manufacture, sale, offer for sale, or use of the ANDA Products will infringe one or more claims of the '279 Patent under 35 U.S.C. § 271(a).

65.     Unless enjoined by this Court, upon FDA approval, Sigmapharm will actively induce infringement of the '279 Patent under 35 U.S.C. § 271(b). On information and belief, upon FDA approval of Sigmapharm's ANDA, Sigmapharm will make, use, offer to sell, or sell the ANDA Products within the United States, or will import the ANDA Products into the United States, and will thereby induce infringement of one or more claims of the '279 Patent. On information and belief, upon FDA approval, Sigmapharm will intentionally encourage acts of direct infringement with knowledge of the '279 Patent and knowledge that its acts are encouraging infringement.

66.     Unless enjoined by this Court, upon FDA approval, Sigmapharm will contributorily infringe the '279 Patent under 35 U.S.C. § 271(c). On information and belief, upon FDA approval of Sigmapharm's ANDA, Sigmapharm will offer to sell or sell the ANDA Products within the United States, or will import the ANDA Products into the United States, and will thereby contribute to the infringement of one or more claims of the '279 Patent. On information and belief, Sigmapharm has had and continues to have knowledge of the '279 Patent and knowledge that its acts will lead to infringement of the patent. On information and belief, Sigmapharm has had and continues to have knowledge that the ANDA Products are especially made or especially adapted for a use that infringes the '279 Patent and that there are no substantial non-infringing uses for the ANDA Products.

ME1 27154828v.1

67.    Sigmapharm had actual and constructive notice of the '279 Patent prior to filing its ANDA, and was aware that the filing of its ANDA with the request for FDA approval prior to the expiration of the '279 Patent would constitute an act of infringement of the '279 Patent. Sigmapharm has no reasonable basis for asserting that the commercial manufacture, use, offer for sale, or sale of the ANDA Products will not infringe, contribute to the infringement of, and/or induce the infringement of the '279 Patent.

68.    Sigmapharm filed its ANDA without adequate justification for asserting the '279 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Products. Sigmapharm's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '279 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

69.    Plaintiffs will be irreparably harmed if Sigmapharm is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '279 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Sigmapharm, a remedy in equity is warranted.  Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT III**
**INFRINGEMENT OF THE '684 PATENT**

70.    Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–69 as if fully set forth herein.

71.    On information and belief, Sigmapharm submitted or caused the submission of ANDA No. 211084 to FDA, and thereby seeks FDA approval of Sigmapharm's ANDA.

72.    Plaintiffs own all rights, title, and interest in and to the '684 Patent.

–15–

MEI 27154828v.1

73.    The ANDA Products fall within one or more claims of the '684 Patent.

74.    Sigmapharm's Notice Letter did not allege that any claim of the '684 Patent is invalid or unenforceable. If Sigmapharm had a factual or legal basis to contest the validity or unenforceability of the '684 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

75.    Sigmapharm has infringed at least one claim of the '684 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting its ANDA with a Paragraph IV certification and thereby seeking FDA approval of generic versions of TRINTELLIX® prior to the expiration of the '684 Patent.

76.    If approved, the importation, manufacture, sale, offer for sale, or use of the ANDA Products will infringe one or more claims of the '684 Patent under 35 U.S.C. § 271(a).

77.    Unless enjoined by this Court, upon FDA approval, Sigmapharm will actively induce infringement of the '684 Patent under 35 U.S.C. § 271(b). On information and belief, upon FDA approval of its ANDA, Sigmapharm will make, use, offer to sell, or sell the ANDA Products within the United States, or will import the ANDA Products into the United States, and will thereby induce infringement of one or more claims of the '684 Patent. On information and belief, upon FDA approval, Sigmapharm will intentionally encourage acts of direct infringement with knowledge of the '684 Patent and knowledge that its acts are encouraging infringement.

78.    Unless enjoined by this Court, upon FDA approval, Sigmapharm will contributorily infringe the '684 Patent under 35 U.S.C. § 271(c). On information and belief, upon FDA approval of Sigmapharm's ANDA, Sigmapharm will offer to sell or sell the ANDA Products within the United States, or will import the ANDA Products into the United States, and will thereby contribute to the infringement of one or more claims of the '684 Patent. On information and belief, Sigmapharm has had and continues to have knowledge of the '684 Patent

–16–

and knowledge that its acts will lead to infringement of the patent. On information and belief, Sigmapharm has had and continues to have knowledge that the ANDA Products are especially made or especially adapted for a use that infringes the '684 Patent and that there are no substantial non-infringing uses for the ANDA Products.

79.    Sigmapharm has actual and constructive notice of the '684 Patent prior to filing its ANDA, and was aware that the filing of its ANDA with the request for FDA approval prior to the expiration of the '684 Patent would constitute an act of infringement of the '684 Patent. Sigmapharm has no reasonable basis for asserting that the commercial manufacture, use, offer for sale, or sale of the ANDA Products will not infringe, contribute to the infringement of, and/or induce the infringement of the '684 Patent.

80.    Sigmapharm filed its ANDA without adequate justification for asserting the '684 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Products. Sigmapharm's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '684 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

81.    Plaintiffs will be irreparably harmed if Sigmapharm is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '684 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Sigmapharm, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

–17–

## COUNT IV
## INFRINGEMENT OF THE '355 PATENT

82.    Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–81 as if fully set forth herein.

83.    On information and belief, Sigmapharm submitted or caused the submission of ANDA No. 211084 to FDA, and thereby seeks FDA approval of Sigmapharm's ANDA.

84.    Plaintiffs own all rights, title, and interest in and to the '355 Patent.

85.    The ANDA Products fall within one or more claims of the '355 Patent.

86.    On information and belief, the ANDA Products will be indicated for the treatment of major depressive disorder.

87.    Sigmapharm's Notice Letter did not allege that any claim of the '355 Patent is invalid or unenforceable.  If Sigmapharm had a factual or legal basis to contest the validity or unenforceability of the '355 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

88.    Sigmapharm has infringed at least one claim of the '355 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting its ANDA with a Paragraph IV certification and thereby seeking FDA approval of generic versions of TRINTELLIX® prior to the expiration of the '355 Patent.

89.    If approved, use of the ANDA Products in accordance with the proposed labeling will directly infringe one or more claims of the '355 Patent.

90.    Unless enjoined by this Court, upon FDA approval, Sigmapharm will actively induce infringement of the '355 Patent under 35 U.S.C. § 271(b).  On information and belief, upon FDA approval of Sigmapharm's ANDA, Sigmapharm will make, use, offer to sell, or sell the ANDA Products within the United States, or will import the ANDA Products into the United States, and will thereby induce infringement of one or more claims of the '355 Patent.  On

−18−

information and belief, upon FDA approval, Sigmapharm will intentionally encourage acts of direct infringement with knowledge of the '355 Patent and knowledge that its acts are encouraging infringement.

91.    Unless enjoined by this Court, upon FDA approval, Sigmapharm will contributorily infringe the '355 Patent under 35 U.S.C. § 271(c).  On information and belief, upon FDA approval of Sigmapharm's ANDA, Sigmapharm will offer to sell or sell the ANDA Products within the United States, or will import the ANDA Products into the United States, and will thereby contribute to the infringement of one or more claims of the '355 Patent.  On information and belief, Sigmapharm has had and continues to have knowledge of the '355 Patent and knowledge that its acts will lead to infringement of the patent.  On information and belief, Sigmapharm has had and continues to have knowledge that the ANDA Products are especially made or especially adapted for a use that infringes the '355 Patent and that there are no substantial non-infringing uses for the ANDA Products.

92.    Sigmapharm had actual and constructive notice of the '355 Patent prior to filing its ANDA, and was aware that the filing of its ANDA with the request for FDA approval prior to the expiration of the '355 Patent would constitute an act of infringement of the '355 Patent. Sigmapharm has no reasonable basis for asserting that the commercial manufacture, use, offer for sale, or sale of the ANDA Products will not infringe, contribute to the infringement of, and/or induce the infringement of the '355 Patent.

93.    Sigmapharm filed its ANDA without adequate justification for asserting the '355 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Products. Sigmapharm's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '355 Patent renders this case

–19–

"exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

94.      Plaintiffs will be irreparably harmed if Sigmapharm is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '355 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Sigmapharm, a remedy in equity is warranted.  Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT V
## INFRINGEMENT OF THE '946 PATENT

95.      Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–94 as if fully set forth herein.

96.      On information and belief, Sigmapharm has submitted or caused the submission of ANDA No. 211084 to FDA, and thereby seeks FDA approval of Sigmapharm's ANDA.

97.      Plaintiffs own all rights, title, and interest in and to the '946 Patent.

98.      The ANDA Products fall within one or more claims of the '946 Patent.

99.      On information and belief, the ANDA Products will be indicated for the treatment of major depressive disorder.

100.      Sigmapharm's Notice Letter did not allege that any claim of the '946 Patent is invalid or unenforceable.  If Sigmapharm had a factual or legal basis to contest the validity or unenforceability of the '946 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

101.      Sigmapharm has infringed at least one claim of the '946 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting its ANDA with a Paragraph IV certification and thereby seeking FDA approval of generic versions of TRINTELLIX® prior to the expiration of the '946 Patent.

−20−

102.    If approved, use of the ANDA Products in accordance with the proposed labeling will directly infringe one or more claims of the '946 Patent.

103.    Unless enjoined by this Court, upon FDA approval, Sigmapharm will actively induce infringement of the '946 Patent under 35 U.S.C. § 271(b).  On information and belief, upon FDA approval of Sigmapharm's ANDA, Sigmapharm will make, use, offer to sell, or sell the ANDA Products within the United States, or will import the ANDA Products into the United States, and will thereby induce infringement of one or more claims of the '946 Patent.  On information and belief, upon FDA approval, Sigmapharm will intentionally encourage acts of direct infringement with knowledge of the '946 Patent and knowledge that its acts are encouraging infringement.

104.    Unless enjoined by this Court, upon FDA approval, Sigmapharm will contributorily infringe the '946 Patent under 35 U.S.C. § 271(c).  On information and belief, upon FDA approval of Sigmapharm's ANDA, Sigmapharm will offer to sell or sell the ANDA Products within the United States, or will import the ANDA Products into the United States, and will thereby contribute to the infringement of one or more claims of the '946 Patent.  On information and belief, Sigmapharm has had and continues to have knowledge of the '946 Patent and knowledge that its acts will lead to infringement of the patent.  Upon information and belief, Sigmapharm has had and continues to have knowledge that the ANDA Products are especially made or especially adapted for a use that infringes the '946 Patent and that there are no substantial non-infringing uses for the ANDA Products.

105.    Sigmapharm had actual and constructive notice of the '946 Patent prior to filing its ANDA, and was aware that the filing of its ANDA with the request for FDA approval prior to the expiration of the '946 Patent would constitute an act of infringement of the '946 Patent.

–21–

Sigmapharm has no reasonable basis for asserting that the commercial manufacture, use, offer for sale, or sale of the ANDA Products will not infringe, contribute to the infringement of, and/or induce the infringement of the '946 Patent.

106.    Sigmapharm filed itsANDA without adequate justification for asserting the '946 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Products.  Sigmapharm's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '946 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

107.    Plaintiffs will be irreparably harmed if Sigmapharm is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '946 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Sigmapharm, a remedy in equity is warranted.  Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT VI
## INFRINGEMENT OF THE '630 PATENT

108.    Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–107 as if fully set forth herein.

109.    On information and belief, Sigmapharm submitted or caused the submission of ANDA No. 211084 to FDA, and thereby seeks FDA approval of Sigmapharm's ANDA.

110.    Plaintiffs own all rights, title, and interest in and to the '630 Patent.

111.    The ANDA Products fall within one or more claims of the '630 Patent.

112.    On information and belief, the ANDA Products will be indicated for the treatment of major depressive disorder.

–22–

113.    Sigmapharm's Notice Letter did not allege that any claim of the '630 Patent is invalid or unenforceable.  If Sigmapharm had a factual or legal basis to contest the validity or unenforceability of the '630 Patent, it was required by applicable regulations to state such a basis in its Notice Letter.  *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

114.    Sigmapharm has infringed at least one claim of the '630 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting its ANDA with a Paragraph IV certification and thereby seeking FDA approval of generic versions of TRINTELLIX® prior to the expiration of the '630 Patent.

115.    If approved, use of the ANDA Products in accordance with the proposed labeling will directly infringe one or more claims of the '630 Patent.

116.    Unless enjoined by this Court, upon FDA approval, Sigmaphar will actively induce infringement of the '630 Patent under 35 U.S.C. § 271(b).  On information and belief, upon FDA approval of Sigmapharm's ANDA, Sigmapharm will make, use, offer to sell, or sell the ANDA Products within the United States, or will import the ANDA Products into the United States, and will thereby induce infringement of one or more claims of the '630 Patent.  On information and belief, upon FDA approval, Sigmapharm will intentionally encourage acts of direct infringement with knowledge of the '630 Patent and knowledge that its acts are encouraging infringement.

117.    Unless enjoined by this Court, upon FDA approval, Sigmapharm will contributorily infringe the '630 Patent under 35 U.S.C. § 271(c).  On information and belief, upon FDA approval of Sigmapharm's ANDA, Sigmapharm will offer to sell or sell the ANDA Products within the United States, or will import the ANDA Products into the United States, and will thereby contribute to the infringement of one or more claims of the '630 Patent.  On information and belief, Sigmapharm has had and continues to have knowledge of the '630 Patent

–23–

MEI 27154828v.1

and knowledge that its acts will lead to infringement of the patent. On information and belief, Sigmapharm has had and continues to have knowledge that the ANDA Products are especially made or especially adapted for a use that infringes the '630 Patent and that there are no substantial non-infringing uses for the ANDA Products.

118.    Sigmapharm had actual and constructive notice of the '630 Patent prior to filing its ANDA, and was aware that the filing of its ANDA with the request for FDA approval prior to the expiration of the '630 Patent would constitute an act of infringement of the '630 Patent. Sigmapharm has no reasonable basis for asserting that the commercial manufacture, use, offer for sale, or sale of the ANDA Products will not infringe, contribute to the infringement of, and/or induce the infringement of the '630 Patent.

119.    Sigmapharm filed itsANDA without adequate justification for asserting the '630 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Products. Sigmapharm's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '630 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

120.    Plaintiffs will be irreparably harmed if Sigmapharm is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '630 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Sigmapharm, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

–24–

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

(A)    A judgment that Sigmapharm has infringed the '884, '279, '684, '355, '946, or '630 Patents under 35 U.S.C. § 271(e)(2)(A);

(B)    An order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of Sigmapharm's ANDA shall be no earlier than the last expiration date of any of the '884, '279, '684, '355, '946, or '630 Patents, or any later expiration of exclusivity for any of the '884, '279, '684, '355, '946, or '630 Patents, including any extensions or regulatory exclusivities;

(C)    Entry of a permanent injunction enjoining Sigmapharm, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with Sigmapharm or on its behalf from commercially manufacturing, using, offering for sale, or selling the ANDA Products within the United States, or importing the ANDA Products into the United States, until the expiration of the '884, '279, '684, '355, '946, and '630 Patents;

(D)    A judgment declaring that making, using, selling, offering to sell, or importing the ANDA Products, or inducing or contributing to such conduct, would constitute infringement of the '884, '279, '684, '355, '946, and '630 Patents pursuant to 35 U.S.C. § 271 (a), (b), and/or (c);

(E)    A declaration under 28 U.S.C. § 2201 that if Sigmapharm, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with Sigmapharm or on its behalf, engages in the commercial manufacture, use, offer for sale, sale or importation of the ANDA Products, it will constitute an act of infringement pursuant to 35 U.S.C. § 271 (a), (b), and/or (c);

(F)    An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Sigmapharm engages in the commercial manufacture, use, offer for sale, sale, and/or importation

–25–

of the ANDA Products, or any product that infringes the '884, '279, '684, '355, '946, or '630 Patents, or induces or contributes to such conduct, prior to the expiration of the patents;

(G)    A finding that this is an exceptional case, and an award of attorneys' fees in this action to Plaintiffs pursuant to 35 U.S.C. § 285;

(H)    Costs and expenses in this action; and

(I)    Such other and further relief as the Court deems just and proper.

Dated: May 4, 2018

**McCARTER & ENGLISH, LLP**

By:_Daniel Brown_____
Daniel J. Brown – Attorney ID No. 324466
djbrown@mccarter.com
Ashley L. Turner – Attorney ID No. 321816
aturner@mccarter.com
1600 Market Street, Suite 3900
Philadelphia, Pennsylvania 19103
Telephone: (215) 979-3800
Facsimile: (215) 988-4316

OF COUNSEL:

George F. Pappas
Einar Stole
Christopher N. Sipes
Brianne Bharkhda
Priscilla G. Dodson
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

Yiye Fu
COVINGTON & BURLING LLP
333 Twin Dolphin Drive
Suite 700
Redwood Shores, CA 94065-1418
(650) 632-4700

*Attorneys for Plaintiffs*

ME1 27154828v.1